NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2557
_____

UNITED STATES OF AMERICA

v.

MICHAEL COLE,
            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-0307-001)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2021

Before:  JORDAN, PORTER, and RENDELL, *Circuit Judges*

(Filed: September 23, 2021)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Michael Cole appeals the District Court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We will affirm.

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

## I.  BACKGROUND

In 2016, Cole pled guilty to possession with intent to distribute a mixture and substance containing a detectable amount of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Consistent with his plea agreement, the District Court sentenced him to 120 months' imprisonment, sixty-eight months less than the minimum-guideline sentence suggested for a career offender like Cole.

In June 2020, after exhausting his administrative remedies, Cole sought compassionate release for "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A).  He stated that his family circumstances warranted a reduction of his sentence because his wife could no longer care for their two daughters as a result of having multiple sclerosis ("MS").  She was diagnosed with MS after Cole was sentenced and has been the sole caregiver for their children, including a three-year-old daughter who is chronically ill.  Cole explained that he needs to be released so he can take care of his family.  The District Court denied the motion.  Empathizing with Cole and his family's unfortunate situation, the Court nevertheless noted Cole's "long criminal history" and explained that it could not "ignore the reasonableness of the sentence that was imposed" especially when Cole's sentence was "much lower than the Guidelines called for, as [he] would quali[f]y as a 'career offender.'"  (ECF No. 75.)  The Court left open the possibility that it might reconsider his motion for compassionate release if his "health were to become in danger from covid-19, and the Bureau of Prisons was not

managing [his] health concerns[.]" (ECF No. 75.) Cole appealed the District Court's denial of the motion.[1]

## II.   DISCUSSION[2]

On appeal, Cole reiterates the same concerns for his wife and children that he raised below and asserts that the District Court "failed to consider relief even after itself acknowledging that [he] had met the requirement of compassionate release due to the loss of a caregiver for his children." (Opening Br. at 5.) Even if we assume, however, that Cole meets the "extraordinary and compelling reasons" prerequisite for receiving relief under § 3582(c)(1)(A), we discern no abuse of discretion here. Consideration of the sentencing factors set out in 18 U.S.C. § 3553(a) is part of the analysis in deciding a motion under § 3582(c)(1)(A), and the District Court correctly undertook that analysis when it considered Cole's long criminal history and career offender status. The Court also considered Cole's below-guidelines sentence, which had already taken into account his good behavior in the years between his crime and his indictment. It was certainly within the Court's discretion to consider whether a further four-plus-year reduction to Cole's sentence was warranted. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors,

---

[1] Cole later filed a second motion for compassionate release based on his wife's medical condition and the prison's rising number of COVID-19 cases. The District Court denied that second motion as well. That second motion is not before us on this appeal.

[2] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

"the court had already varied downward by five years from [the defendant's] guidelines range when imposing [a] lengthy sentence").

## III. CONCLUSION

The District Court did not abuse its discretion in assessing the § 3553(a) factors. We will therefore affirm.